IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-3139-CV-S-RED |
| | ) | |
| $29,550.00 in U.S. Currency, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Now pending before the Court is Plaintiff United States of America's Complaint for Forfeiture *in rem* (Doc. 1), Claimant Greg Bradley's Answer to Plaintiff's Complaint for Forfeiture *in rem* (Doc. 3), Claimant's Complaint (Doc. 4), Plaintiff's Motion to Strike Claimant Greg Bradley's Answer to Complaint and to Enter Judgment of Forfeiture in Favor of the United States (Doc. 6), Claimant Greg Bradley's Response to Plaintiff's Motion (Doc. 9), Claimant's Motion to Amend (Doc. 10-1) and Claimant's Amended Answer to Plaintiff's Complaint for Forfeiture *in rem* (Doc. 10-2). After considering the merits of the pleadings, the Court finds that Claimant's Motion to Amend (Doc. 10-1) is due to be **GRANTED.** The Court further finds that Claimant's Complaint (Doc.4) and Amended Answer (Doc. 10-2) and all other claims to the defendant property contained therein be **DISMISSED** for lack of Article III standing. Finally, the Court finds that Plaintiff's Motion to Strike Claimant Greg Bradley's Answer to Complaint is now **MOOT** and Plaintiff's Motion to Enter Judgment of Forfeiture in Favor of the United States due to be **GRANTED.**

## I. Factual and Procedural History

On November 10, 2004, Officer Matt Funderburk of the Missouri State Highway Patrol stopped a 2005 Coachmen Recreational Vehicle ("RV") bearing Michigan tags after observing the vehicle weaving between lanes of traffic while traveling westbound on Interstate 44. The officer subsequently identified the driver of the vehicle as Kenneth Barker, and the passengers as Arnold J. Kennard, John Wallace and Darrell Robertson. After receiving consent to search the RV, the officer uncovered a blue plastic bag containing three large bundles wrapped in black plastic. These bundles were cut open to reveal a large amount of U.S. currency. The Drug Enforcement Agency ("DEA") was then called on the scene to investigate. After interviewing the four occupants of the RV, the DEA seized the currency as suspected drug proceeds. A subsequent dog sniff confirmed the presence of narcotics on the currency. The currency was then taken to a bank where it was counted, determined to be in the amount of $29,500.00, and converted into a cashier's check in that amount.

Greg Bradley ("Claimant") filed a claim to the currency during the administrative process that followed the seizure. Claimant was not present at any time during the stop and search of the RV or during the seizure of the defendant property. The case was then referred to the United States Attorney's Office, where on April 8, 2005, the United States ("Plaintiff") filed a Complaint for Forfeiture *in rem* (Doc. 1) against the $29,550.00 in U.S. currency. The Complaint alleged that the defendant currency was subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).[1]

---

[1] 21 U.S.C. § 881(a)(6) states in part:

> The Following shall be subject to the forfeiture to the United States and no property right shall exist in them: ... [a]ll moneys ... furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical

On July 18, 2005, Claimant Greg Bradley filed an Answer to Plaintiff's complaint *in rem* seeking release and recovery of the property. (Doc. 3) This was followed by an additional pleading styled as a "Complaint."[2] (Doc. 4). On August 8, 2005, Plaintiff filed a Motion to Strike Claimant's Answer to the Complaint and Claimant's "Complaint" on grounds that they failed to comply with Rule 8(b) of the Federal Rules of Civil Procedure and Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims. Plaintiff also moved to strike Claimant's pleadings for lack of Article III standing. On September 6, 2005, Claimant filed a response (Doc. 9) to Plaintiff's Motion to Strike, a Motion to Amend his answer (Doc. 10-1) and an Amended Answer (10-2).

## **II. Claimant's Motion to Amend Answer**

Claimant first seeks to amend his answer, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Rule 15(a) allows a party to amend a pleading (including a complaint) once as a matter of course any time before a responsive pleading is served, or, if no responsive pleading is required, within twenty days of filing the pleading. Fed. R. Civ. P. 15(a). If neither condition is met, then the party must request leave to amend. However, a court has broad discretion in deciding whether to grant or deny leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

---

> violation of this subchapter [Title 21 U.S.C.] , all proceeds traceable to such an exchange, and all moneys ... used or intended to be used to facilitate any violation of this subchapter.

Tracking this language Plaintiff's Complaint alleged "The defendant property was furnished or intended to be furnished in exchange for a controlled substance, was proceeds traceable to such an exchange, or was used or intend [sic] to be used to facilitate any violation of 21 U.S.C. § 841 *et seq.*"

[2] To the extent Claimant's "Complaint" is intended to serve as a claim to the Defendant currency (in accordance with the applicable rules of civil procedure) the Court will treat it as such.

Here, Plaintiff had already filed a responsive pleading and Claimant did not seek leave of the Court to amend his answer. However, Plaintiff has filed no objection to this motion, and the Court finds that neither party would be substantially prejudiced by allowing the amendment. Therefore, Claimant's Motion to Amend (Doc. 10-1) is hereby **GRANTED.** Claimant's amended Answer (Doc. 10-2) attached to the Motion to Amend is hereby deemed filed as of the date of the motion. Accordingly, since the Court has allowed Claimant to amend his Answer, Plaintiff's Motion to Strike Claimant Greg Bradley' Answer to Complaint (Doc. 6) is now **MOOT**.

### III. Claimant's Standing to Contest the Forfeiture

Although the Court finds Plaintiff's Motion to Strike to be moot, Plaintiff's motion did raise the threshold issue of Claimant's Article III standing to contest the forfeiture. Before a federal court can consider the merits of a claim, the person seeking to invoke the jurisdiction of the court must establish that they have standing to initiate the lawsuit. *See Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). The party bringing the lawsuit is saddled with the burden of showing that the standing requirement is met. *See FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990) (finding that "petitioners in this case must allege ... facts essential to show jurisdiction"). To show that a petitioner has standing, he must clearly "allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute." *Id.* If the plaintiff fails to make the necessary allegations, then the Court must find that the party does not have standing to bring the lawsuit. *See id.* (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Further, once standing is found to be lacking, the court must dismiss the complaint. *See Warth v. Seldin*, 422 U.S. 490, 501-02 (1975).

Article III, § 2 of the United States Constitution provides that federal courts may only adjudicate actual "Cases" or "Controversies." *Arizonans For Official English v. Arizona*, 520 U.S.

4

43, 64 (1997) (stating that "the Constitution confines federal court to the decision of 'Cases' or 'Controversies' "); *Allen v. Wright*, 468 U.S. 737, 750 (1984) (same). For a "Case" or "Controversy" to exist, the plaintiff must demonstrate that he has standing so as to have a "court decide the merits of the dispute or of particular issues." *Warth*, 422 U.S. at 498.

Forfeiture proceedings, like all other federal civil proceedings, are subject to Article III standing requirements. *See United States v. 1998 BMW "I" Convertible, VIN # WBABJ8324WEM20855*, 235 F.3D 397, 399 (8th Cir. 2000) ("At the outset, a claimant must be able to show a facially colorable interest in the proceedings sufficient to satisfy Article III standing; otherwise, no constitutional case or controversy exists capable of federal court adjudication.") To manifest standing in the forfeiture context, a claimant must first show an ownership interest in the property. *United States v. Ford F250 Pickup 1990, VIN #1FTHX26M1LKA69552,* 980 F.2d 1242, 1246 (8th Cir. 1992). There are many ways to show an ownership interest, including actual possession, control, title and financial stake. *Id.* (citing *United States v. One 1945 Douglas C-54 (DC-4) Aircraft*, 647 F.2d 864, 866 (8th Cir. 1981)).

Here, Claimant has not carried his burden to show that he has standing to contest this forfeiture. In his original "Complaint," Claimant stated that he "acquired the ownership of the property as a result of a real estate transaction (see Exhibit A)." (Doc. 4) However, "Exhibit A" is not attached to the Complaint and is not on file with the Court. The Complaint offers no further support for Claimant's interest in the property other than this statement.

Claimant next raises his ownership interest in his Answer to Plaintiff's Motion to Strike, stating that he "has an ownership interest in the currency due to the fact that the proceeds are the result of a real estate transaction in the state of Michigan." (Doc. 9) He cites *U.S. v. One Lincoln*

5

*Navigator*, 328 F.3d 1011, 1013 (8th Cir. 2003), for the proposition that "a claimant need only show a colorable interest in the property, redressable, at least in part, by a return of the property." However, the *Lincoln* court followed this statement by stating that a colorable interest "may be evidenced by showing of actual possession, control, title and financial stake." *Id.* at 1013 (quoting *One 1945 Douglas C-54 (DC-4) Aircraft*, 647 F.2d at 866.))  Again, Plaintiff has provided no evidence other than his own assertion that he was entitled to the currency.

Finally, Claimant attached to his amended answer a verified statement signed by Claimant claiming ownership over the currency as "proceeds" of a legitimate real estate transaction. No evidence is attached to support this proposition.

In this case, Claimant has been unable to show by any means that he had an ownership interest in the currency that was found in the vehicle. Rather, he merely asserts that the money was obtained by him as proceeds from a real estate transaction. In the Court's view, this misses the point entirely. The inquiry is not how Claimant might have obtained the money initially. The primary inquiry is whether or not claimant was entitled to ownership of the currency at the time it was seized by the government wrapped in plastic, in the possession of multiple third parties, in a vehicle in which the Claimant was not an occupant. Simply put, Claimant, despite multiple opportunities, has failed to provide any evidence of actual possession, control or financial stake in the currency.

For all the reasons stated above, the Court finds that Claimant has not met the threshold showing that he possessed an ownership interest in the currency necessary to establish Article III standing. Lacking standing, the Claimant cannot challenge the government's forfeiture *in rem* of the $29,550.00 in U.S. currency. Therefore, Claimant's "Complaint" (Doc. 4) and Amended Answer (Doc. 10-2) and all other claims to the defendant currency contained therein must be **DISMISSED.**

Accordingly, since Claimant lacks standing to contest the forfeiture and no other claimants have filed a claim to the currency, the Court finds that the currency is subject to forfeiture in favor of Plaintiff. Plaintiff's Motion to Enter Judgment of Forfeiture in Favor of the United States (Doc. 6) is hereby **GRANTED**.

## IV. Conclusion

For all the foregoing reasons, it is hereby:

    1. ORDERED that Claimant's Motion to Amend (Doc. 9) is **GRANTED.**

    2. ORDERED that Claimant's Complaint (Doc. 4) and Amended Answer (Doc. 10-2) and all other claims to the currency contained therein are **DISMISSED** for lack of standing.

    3. ORDERED that Plaintiff's Motion to Strike Claimant Greg Bradley's Answer to Complaint (Doc. 6) is considered **MOOT.** Plaintiff's Motion to enter Judgment of Forfeiture in Favor of the United States (Doc.6) is **GRANTED.**

    4. ORDERED that the following property is hereby forfeited to the United States of America pursuant to 21 U.S.C. § 881(a)(6):

        a. $29,550.00 in United States Currency

It is further ORDERED that all right, title and interest to the property described above is hereby condemned, forfeited and vested in the United States of America, and shall be disposed of according to law. The Clerk of the Court shall forward four certified copies of this Order to the United States Attorney's Office, Attention:

7

Case 6:05-cv-03139-RED   Document 11   Filed 01/18/06   Page 7 of 8

Cynthia J. Hyde, Assistant U.S. Attorney 901 St. Louis, Suite 500, Springfield, MO 65806-2511.

**IT IS SO ORDERED.**

DATE: January 18, 2006      _/s/ Richard E. Dorr_
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT

8